NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE SOVEREIGN NATCHEZ NATION, A Band of the Muscogee Creek Tribe; AMANDA TURNER, Biological Mother; IAN EBOW, Biological Father,<br><br>      Plaintiffs - Appellants,<br><br>  v.<br><br>RIVERSIDE COUNTY DEPARTMENT OF SOCIAL SERVICES CHILDREN PROTECTIVE SERVICES, Erroneously Sued As County of Riverside; MARGARET ROSE LANAM,<br><br>      Defendants - Appellees. | No. 24-925<br><br>D.C. No. 2:22-cv-01586-HDV-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Hernan Diego Vera, District Judge, Presiding

Submitted February 11, 2025[**]
Pasadena, California

Before: GRABER, HAMILTON, and BUMATAY, Circuit Judges.[***]

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

    [***]     The Honorable David F. Hamilton, United States Circuit Judge for the

Plaintiffs Sovereign Natchez Nation, Ian Ebow, and Amanda Turner appeal from the summary judgment entered in favor of Defendants Riverside County Department of Social Services Child Protection Service ("Department") and Margaret Lanam. Ebow and Turner are the biological parents of two children who, Plaintiffs claim, are members of the Natchez Nation. The Department took the children into protective custody, and Lanam later adopted them. The Natchez Nation alleges that Defendants violated the Indian Child Welfare Act ("ICWA") by denying it the right to intervene in the dependency proceeding. Ebow and Turner allege state tort claims and a violation of their civil rights. Plaintiffs seek to void all of the juvenile court's orders and to transfer custody of the children to the Natchez Nation. We review the district court's grant of summary judgment de novo, Barton v. Off. of Navajo & Hopi Indian Relocation, 125 F.4th 978, 982 (9th Cir. 2025), and affirm.

1. ICWA does not apply to the Natchez Nation because it is not an "Indian tribe" as defined by 25 U.S.C. § 1903(8). Under that statute, "Indian tribe" means "any Indian tribe, band, nation, or other organized group or community of Indians recognized as eligible for the services provided to Indians by the Secretary [of the Interior] because of their status as Indians." The Secretary publishes a list of such tribes annually, 25 C.F.R. § 83.6(a); 25 U.S.C. § 5131(a); the listed groups are

Court of Appeals, 7th Circuit, sitting by designation.

commonly called "federally recognized tribes." The Natchez Nation does not now appear, and never has appeared, on any of the Secretary's annual lists of federally recognized tribes.

The Natchez Nation does not dispute that fact but argues instead that it should be included on the list. We lack the authority to make that determination. In Agua Caliente Tribe of Cupeño Indians of the Pala Reservation v. Sweeney, 932 F.3d 1207 (9th Cir. 2019), we held that a tribe must petition for federal recognition through a formal administrative process before a court may order federal recognition, even if the tribe characterizes the issue as a request for "correction" of the list, rather than as a request for recognition. Id. at 1216–18. The Natchez Nation has not exhausted its administrative remedies.

The Natchez Nation also argues that, because of its affiliation with the Muscogee (Creek) Nation, ICWA applies. But there is no evidence in the record that the mother, father, or children are enrolled members of the Muscogee (Creek) Nation, and Plaintiffs make no such claim.

2. The children do not qualify as "Indian child[ren]" under ICWA. To qualify, a child must either be an enrolled member of an "Indian tribe" or be eligible for membership in an "Indian tribe" in which a biological parent is an enrolled member. 25 U.S.C. § 1903(4). Plaintiffs claim only that the children are

members of the Natchez Nation.  But, because the Natchez Nation is not an "Indian tribe" as statutorily defined, this claim fails.

3. The Department's failure to notify two of the children's relatives and the Natchez Nation of the dependency proceeding was harmless error.  Notification could not have mattered to the outcome because the Natchez Nation does not qualify as an "Indian tribe."

4. Ebow and Turner participated throughout the dependency hearings, which ended in 2015.  They filed their complaint in this case in 2022.

The statute of limitations for fraud claims is three years.  Cal. Civ. Proc. Code § 338(d).  Ebow and Turner acknowledge that their claim is time-barred but argue that the limitations period should be extended because the Natchez Nation did not discover Lanam's alleged fraud until 2021.  Because the Natchez Nation is not a party to the fraud claim, this argument is unavailing.

The civil rights claims, alleging that Defendants wrongly deprived Ebow and Turner of the custody of their children, also are time-barred.  The statute of limitations is, at most, four years.  Cal. Civ. Proc. Code §§ 343, 1085. Accordingly, the 2022 claim came at least three years too late.  Nor can Ebow and Turner successfully invoke the continuing-violation doctrine, because they premise this theory only on the continued consequences of the final adoption, which occurred in 2015.  Continuing effects are insufficient.  See Bird v. Dep't of Hum.

4

Servs., 935 F.3d 738, 748 (9th Cir. 2019) (per curiam) (stating that a "continuing effect is insufficient to constitute a continuing violation").

Finally, the claim for intentional infliction of emotional distress is time-barred. Ebow and Turner contend that this claim accrued in 2014, when their parental rights were terminated, or in 2015, when the adoption by Lanam was finalized. But the statute of limitations expired no later than 2017, because it allows only two years in which to sue. Cal. Civ. Proc. Code § 335.1.

**AFFIRMED.**